IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05473-PAB

MARCOS BLANCAS SANTANDER,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
NATHAN RASPER[1], Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Marcos Blancas Santander's Verified Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 6. Petitioner replied. Docket No. 7.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico who has lived in the United States since approximately May 2008.[2] Docket No. 1 at 1, 5, ¶¶ 1, 20. Petitioner has two

---

[1] Nathan Rasper is automatically substituted as a party in his official capacity, in accordance with Federal Rule of Civil Procedure 25(d).
[2] Petitioner's petition lists his date of entry as approximately May 2008, but the Notice to Appear he attached to his petition lists it as January 1, 2008. *Compare* Docket No. 1 at 1, ¶ 1 *with* Docket No. 1-3 at 7. The Form I-213 attached to the petition indicates that

United States citizen children. *Id.* at 5, ¶ 20. His criminal record consists of traffic offenses, including a 2019 guilty plea to driving while ability impaired. *Id.*, ¶ 21.

Immigration and Customs Enforcement ("ICE") officers took petitioner into immigration custody on September 16, 2026 in Northglenn, Colorado. *Id.*, ¶ 22. According to petitioner, he was not told that there was a warrant for his arrest and was not shown one. *Id.* The Form I-213[3] prepared by ICE states that, "[a]t approximately 0945 hours," an ICE officer "positively identified Blancas operating his registered vehicle," after which officers followed petitioner, blocked in his parked vehicle, and arrested him. Docket No. 1-3 at 15. The only Form I-200[4] warrant in the record bears a digital signature time-stamped 9:51 a.m. on September 16, 2026, and was served on petitioner at ICE's field office in Centennial, Colorado. *Id.* at 10. ICE issued petitioner a Notice to Appear ("NTA") the same day. Docket No. 1 at 6, ¶ 24. Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 4, ¶ 14. He has not received a bond hearing. *Id.* at 1, ¶ 2.

On October 23, 2026, petitioner filed a habeas petition. *See generally id.*

---

petitioner was granted voluntary return to Mexico on May 20, 2008. Docket No. 1-3 at 15.

[3] A Form I-213, Record of Deportable/Inadmissible Alien, "captures a range of information regarding a noncitizen apprehended by DHS to support the factual allegations and charge(s) of removability contained in [a Form I-862 Notice to Appear]," including "biographic information, possible criminal records, any history of apprehension and detention by immigration authorities, and other relevant information." U.S. Dep't of Just., *Descriptions of Forms and Supporting Documents* 1, https://www.justice.gov/d9/2024-09/02._sept_24_descriptions_of_forms_and_supporting_documents.pdf. (last visited Nov. 10, 2026).

[4] A Form I-200 is a type of warrant issued by immigration officers to apprehend and detain persons suspected removable. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

Petitioner asserts four claims: (1) violation of the Due Process Clause of the Fifth Amendment; (2) violation of 8 U.S.C. §§ 1226(a) and 1357(a)(2) and their implementing regulations; (3) violation of the Administrative Procedure Act, 5 U.S.C. § 706(2); and (4) unreasonable seizure in violation of the Fourth Amendment. *Id.* at 16-18, ¶¶ 52-59. Among other claims, petitioner asserts that respondents unlawfully arrested him without a valid warrant. *Id.* at 11-13, ¶¶ 38-43. For relief, he requests release or, in the alternative, a bond hearing. *Id.* at 18-19.

On November 5, 2026, respondents filed a response. Docket No. 6. The response indicates that respondents "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and "recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1-2. Respondents further state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." *Id.* at 2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

On November 9, 2026, petitioner filed a reply in support of his writ. Docket No. 7. Petitioner's reply argues that he should be released within 48 hours of the Court's order. *See id.* at 2-3.

## II. ANALYSIS

Because ICE detained petitioner within the borders of the United States and because petitioner is not subject to a final order of removal, petitioner's detention is

governed by 8 U.S.C. § 1226.[5] *See Santillan Quiroz*, 180 F.4th at 1237; Docket No. 1 at 7, ¶ 28 (referencing petitioner's master calendar hearing); *see also* 8 U.S.C. § 1231 (governing detention of aliens subject to final removal orders). Section 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Petitioner argues that he was arrested without a valid warrant, and respondents do not contest that assertion. *See* Docket No. 1 at 11-12, ¶¶ 39-41; Docket No. 6. Petitioner further argues that the only Form I-200 in the record was signed at 9:51 a.m. on September 16, 2026, after ICE officers had already identified petitioner and begun the enforcement operation against him, and that it was served on him only once he was in custody. Docket No. 1 at 2, 6, ¶¶ 4-5, 23; *see also* Docket No. 1-3 at 10, 15. Form I-200s "issued either *after or concurrent* with an arrest" cannot "transform[] an unlawful warrantless arrest into a lawful, warranted one." *Ramirez Ovando*, 810 F. Supp. 3d at 1226.

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to 8 U.S.C. § 1357(a)(2), immigration officials have authority without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

---

[5] The government does not argue that any of petitioner's traffic convictions requires mandatory detention under § 1226(c). *See generally* Docket No. 6.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). Still, "[c]ourts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 6. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner, and that petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondent lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that petitioner's warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe

Petitioner was likely to escape before a warrant could be obtained for his arrest" (alteration, internal quotation marks, and citation omitted)).

Where the government failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found that the appropriate remedy is to order the noncitizen's release. *See, e.g., Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's release based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant*, 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos*, 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.[6]

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Marcos Blancas Santander's Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

[6] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's other claims for relief.

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 12, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge